UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHLOMO SILBER,<br><br>Plaintiff,<br><br>-v.-<br>SN SERVICING CORPORATION,<br>FRIEDMAN VARTOLO LLP,<br><br>Defendant(s). | Civil Action No: 2:23-cv-1686<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Shlomo Silber (hereinafter, "Plaintiff" or "Silber"), a New Jersey resident, brings this Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant SN Servicing Corporation (hereinafter "SN Servicing") and Defendant Friedman Vartolo LLP (hereinafter "Friedman Vartolo") (considered together "Defendants") based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate

to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Bergen, residing at 82 Copley Ave, Teaneck, NJ 07666.

8. SN Servicing is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a standard business address at 3050 Westfork Dr, Baton Rouge,

LA 70816 and an address for service of process at The Prentice-Hall Corporation System, Inc., 80 State St, Albany, NY 12207.

9. As SN Servicing received this debt while it was in default, they are considered a debt collector under the FDCPA.

10. Friedman Vartolo is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a business address at 85 Broad St Rm 501, New York, NY 10004 an address for service of process at Registered Agents Inc., 5000 Thayer Ctr Ste C, Oakland, MD 21550 or the Secretary of State as Agent in New York.

11. As Friedman Vartolo represents the creditor in a forclosure action against Mr. Silber, they are considered a debt collector under the FDCPA.

12. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsiinile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13. Defendants are each considered a "debt collector", as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

15. On June 7, 2019, a loan obligation was originally incurred to Funding Resources Mortgage Corporation, a non-party to this action.

16. The Funding Resources Mortgage Corporation loan arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are

primarily for personal, family or household purposes, specifically a mortgage on a personal residence.

17. The Funding Resources Mortgage Corporation loan is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. The current Mortgage Holder is U.S. Bank Trust National Association, as Trustee of Cabana Series V Trust and is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. The Loan Servicer is SN Servicing Corporation.

20. Friedman Vartolo LLP is a law firm who represents U.S. Bank Trust National Association, As Trustee of Cabana Series V Trust.

21. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet and are therefore "debt collectors," as defined by the FDCPA.

*Violation I – February 27, 2023 Deceptive Collection Letter*

22. On or around February 27, 2023, SN Servicing sent a collection letter to Plaintiff (See Exhibit A, "Letter").

23. The Letter is a 42-page collection letter that purports to include the requisite "G-notice" as required by § 1692g of the FDCPA (See page 10 of Exhibit A).

24. G-notice provides the consumer a right to dispute the debt to the debt collector.

25. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as a "G notice," which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector <u>in writing</u> within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's <u>written</u> request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

(emphasis added)

26. The Letter, which purports to include a "G Notice," does not meet the required guidelines of the FDCPA because it states that unless the Plaintiff disputes <u>in writing</u>, the debt will assumed to be valid.

27. This is incorrect because the statute does not require the consumer to dispute in writing to avoid the debt being assumed valid.

28. Plaintiff was not advised of his proper statutory rights.

29. Plaintiff sustained an informational injury as he was not fully apprised of his rights and responsibilities necessary to properly exercise his options under §1692g.

30. Plaintiff effectively waived his rights to this statutorily available information because he was not properly informed of the "G-Notice" requirements set forth in the FDCPA.

31. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

32. The Letter identifies that the "debt referenced above is owed to U.S. Bank Trust National Association, as Trustee of Cabana Series V Trust."

33. The Letter also states in relevant part, "if the debtor notifies the creditor…that the debt…is disputed, the creditor will obtain verification of the debt."

34. The Letter then states in relevant part, "The debt…will be assumed to be valid by the creditor, unless, you the debtor(s)…dispute in writing, the validity of the debt or some portion thereof."

35. Based on SN Servicing's express language, Plaintiff must send a dispute to U.S. Bank Trust National Association, as Trustee of Cabana Series V Trust to successfully lodge a dispute, as they are the creditor.

36. However, SN Servicing then states in relevant part, "Written requests should be addressed to: SN Servicing Corporation."

37. SN Servicing Corporation is not the creditor.

38. Rather, the debt is expressly owed to U.S. Bank Trust National Association, as Trustee of Cabana Series V Trust.

39. Plaintiff is left without a fair chance to exercise his dispute rights without a clear entity and address with whom to lodge a dispute.

40. Plaintiff does in fact dispute part of this debt, and was unable to effectively exercise his dispute rights.

41. Page 2 of the Letter states an incorrect amount of debt owed.

42. The Letter lists 18 months of payment owed, totaling $309,784.02.

43. However, Plaintiff had a forbearance due to hurricaine damage.

44. SN Servicing overstates Plaintiff's debt by three or four months.

45. Therefore the debt is overstated by approximatley $53,218.56-$70,958.08.

46. This overstatement of the debt is a material mischaracterization of the amount owed.

47. Additionally, SN Servicing provided no explanation why Plaintiff's payments jumped more than $4,000 per month.

48. Each line under "Arrearages" lists a generic category called "Payments", one of which has 6 payments outstanding in the amount of $13,693.10, and a second which has 12 payments outstanding in the amount of $17,739.52.

49. Without the benefit of some explanation for this $4,046.42 difference, the monthly payment amounts are arbitrary and deceptive.

50. SN Servicing also lists an incorrect date of default for the subject loan.

51. On Page 1, the Letter states, "Default Date: 10/21/2021."

52. This is inaccurate as Plaintiff was in forbearance as of October 2021.

53. It is false and misleading to state a date of default when the loan servicer had an agremeent with Plaintiff not to pay for a specified period of time.

54. The Letter fails to include the requisit language from "Regulation F".

55. At the bottom of every page of the Letter, the footer states, "Firm Case Number: 220343-2".

56. This footer suggests that the Letter comes from a law firm.

57. However, since no law firm is listed on the first page in the subject line or elsewhere, it is unclear whether this Letter was originated by a law firm.

58. At the bottom of page 2, the Letter states, "As provided in Section 5 of the Fair Foreclosure Act, you have the right to cure the default."

59. In the final paragraph on page 2, it states, "if we do not receive payment as outlines in this letter on or before 03/31/2023 we intend to incur additional expenses relating to the foreclosure of your property…..If you failed to make the required paymentby the date specified in this letter, it may reslt in the acceleration of the sums secured by your security interest."

60. By providing Plaintiff with a date by which to cure, Defendants confered a right onto Plaintiff to cure before March 31, 2023.

61. Plaintiff understood that he had a right to cure until March 31, 2023 and relied on this information to his detriment.

62. Then, Defendants prematurely initiated a lawsuit on March 2, 2023 in the Superior Court of New Jersey Chancery Division, Bergen County under case number SWC-F-002519-23.

63. Had Plaintiff known that Defendants would sue him for forclosure prior to the end of the cure period, he could have taken steps to cure any deficiencies and avoid forclosure.

*Violation II – Improper Debt Collection Through Foreclosure Proceeding*

64. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

65. Friedman Vartolo prematurely filed suit against Plaintiff without providing him the promised-grace period to cure. (See Exhibit B).

66. Based on the cure date provided to Plaintiff by SN Servicing in the Letter (attached as Exhibit A), Plaintiff had until March 31, 2023 to cure any deficiencies related to the loan obligation.

67. A forclosure action is not permitted against Plaintiff until he has had ample opportunity to cure.

68. Friedman Vartolo filed a forclosure action against Plaintiff on March 2, 2023, well before the expiration of the cure period.

69. Friedman Vartolo stripped Plaintiff of his right to cure any deficiencies in the loan agreement.

70. It is a deceptive debt collection practice to advise Plaintiff of a period of time he has to cure and then to sue him during his cure period.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

71. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

72. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

73. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74. Defendants violated said section by:

   a. Making a false and misleading representation as to the character, amount, or legal status of the debt in violation of §1692e(2);

   b. Making a false and misleading representation in violation of §1692e(10);

   c. Suing Plaintiff in forclosure during his cure period.

75. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

76. Plaintiff repeats, reiterates and incorporates the allegations contained in in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

77. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

78. Pursuant to 15 U.S.C. §1692g, when a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as the "G Notice," which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

79. Defendants violated this section by deceptively misrepresenting the requirements of §1692g(a)(3) by including a writing requirement.

80. Defendants violated this section by deceptively misrepresenting the requirements of §1692g(a)(4) by misstating and conflating to whom the consumer must notify about their dispute.

81. Due to the fact that Defendants' conduct violated Section 1692g et seq. of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

82. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

83. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

84. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

85. Furthermore, under §1692f(1) debt collectors are in violation for "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

86. Defendants violated this section by overstating the amount of debt owed by tens of thousands of dollars.

87. Defendants violated this section by initiating forclosure proceedings against Plaintiff during his cure period.

88. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shlomo Silber demands judgment from Defendant, as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  March 24, 2023

/s/ *Yaakov Saks*
By:  Yaakov Saks
**Stein Saks, PLLC**
One University Plaza, Ste. 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
*Attorneys For Plaintiff*