UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHLOMO SILBER,<br><br>      **Plaintiff,**<br><br>  v.<br><br>SN SERVICING CORPORATION, *et al.*,<br><br>      **Defendants.** | Case No. 23–cv–01686–BRM–ESK<br><br><br>OPINION AND ORDER |

**KIEL, U.S.M.J.**

    **THIS MATTER** having come before the Court on the parties' joint letter (Joint Letter) concerning defendants' request to stay discovery until defendants' motion to dismiss is resolved (ECF No. 20); and the Court finding:

    1.    Plaintiff Shlomo Silber, in a complaint filed on March 24, 2023, alleges that defendants SN Servicing Corporation and Friedman Vartolo LLP violated the Fair Debt Collection Practices Act (FDCPA) by: (a) serving him with a deficient "Notice of Intention to Accelerate and Foreclose" on February 27, 2023 (Notice), wherein Silber was given until March 31, 2023 to cure his default under a mortgage agreement; and (b) prematurely filing Case No. SWC-F-002519-23 on March 2, 2023 in New Jersey state court to foreclose upon his home (Foreclosure Case). (ECF No. 1 pp. 4–12; ECF No. 1–1 pp. 2–22, 45–51.) Silber entered into the mortgage agreement in June of 2019. (ECF No. 1–1 p. 2; ECF No. 9–4 pp. 2–19.) Defendants accused Silber in the Notice of defaulting on his mortgage obligations as of October of 2021. (ECF No. 1 p. 7.) However, as defendants admit, the Foreclosure Case "was withdrawn" when they filed a "Notice of Voluntary Discontinuance of Action Without Prejudice" (Discontinuance) on April 3, 2023. (ECF No. 9–2 p. 6; *see* ECF No. 9–6 p. 2 (case summary for Foreclosure Case, dkt. entry no. 3).)

    2.    On May 10, 2023, defendants moved to dismiss the complaint. (ECF No. 9.) They argued, *inter alia*, that: (a) this case is barred by the entire controversy doctrine due to the filing of the Foreclosure Case; (b) the Notice was not false and misleading, as "[t]his apparently premature foreclosure commencement was, at most, an honest error"; and (c) any expense incurred by Silber in hiring an attorney to represent him in the Foreclosure Case was self-inflicted, as he did not call or otherwise contact defendants to ask for the

Foreclosure Case to be withdrawn. (ECF No. 9–2 pp. 3–6.) On June 6, 2023, following Silber's two consent requests to extend the time to oppose the motion to dismiss (ECF Nos. 10, 11), I entered an order: (a) administratively terminating the motion to dismiss; (b) directing the parties to meet and confer concerning a schedule for filing the opposition and the reply; and (c) directing defendants to simultaneously file the moving papers with a new notice of motion, the opposition papers, and the reply papers when the briefing was completed (ECF No. 12). District Judge Martinotti so-ordered the parties' proposed briefing schedule on June 16, 2023. (ECF No. 14.) On June 26, 2023, I entered a pretrial scheduling order, wherein I directed discovery to commence and set discovery deadlines. (ECF No. 17.)

3. On June 29, 2023, defendants moved to stay discovery pending the resolution of the motion to dismiss. (ECF No. 18.) I entered an order on June 30, 2023: (a) administratively terminating the motion; and (b) directing the parties to file a joint letter setting forth their positions. (ECF No. 19.)

4. In the Joint Letter, defendants assert that: (a) "[r]egardless of the merits of [Silber's] claims, … the [c]omplaint, which relates directly to … [the Foreclosure Case], must be dismissed based on New Jersey's Entire Controversy Doctrine"; and (b) Silber is causing them to suffer hardship by requesting "discovery beyond what is relevant" to his claims filed in this Court. (ECF No. 20 p. 2; ECF No. 18–1 pp. 4, 5.) Silber opposes the request for a stay of discovery. (ECF No. 20 pp. 4, 5.)

5. The Third Circuit Court of Appeals has held that:

> The District Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket...." *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When determining whether to grant or deny a motion to stay, a district court must exercise judgment by "weigh[ing] competing interests and maintain[ing] an even balance." *Landis*, 299 U.S. at 255. In addition, "[i]t is well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay would work damage on another party." *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075–76 (3d Cir. 1983) (quoting *Landis*, 299 U.S. at 255).

*Tyler v. Diamond State Port Corp.*, 816 F.App'x 729, 731 (3d Cir. 2020).

2

6. In addressing requests to stay the proceedings in a case, this Court has weighed four factors: (a) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-movant (First Factor); (b) whether a denial of a stay would create a clear case of hardship or inequity for the movant (Second Factor); (c) whether a stay would simplify the issues and the trial of the case (Third Factor); and (d) whether discovery is complete and a trial date has been set (Fourth Factor). *See Toll JM EB Residential Urban Renewal LLC v. Tocci Residential, LLC*, No. 16-05422, 2023 WL 3510877, at *3 (D.N.J. May 16, 2023) (District Judge Sheridan); *Venson v. Pro Custom Solar LLC*, No. 19-19227, 2022 WL 4596725, at *8 (D.N.J. Sept. 30, 2022) (District Judge Salas); *Admiral Ins. Co. v. Snap Transloading, LLC*, No. 21-10392, 2022 WL 3025973, at *5 (D.N.J. Aug. 1, 2022) (District Judge Padin); *State Farm Fire & Cas. Co. v. Hines*, No. 19-18461, 2021 WL 3668206, at *7 (D.N.J. June 30, 2021) (District Judge Arleo), *aff'd*, No. 21-02354, 2022 WL 7973331 (3d Cir. Oct. 14, 2022); *M. Cohen & Sons, Inc. v. Platte River Ins. Co.*, No. 20-02149, 2021 WL 791831, at *4 (D.N.J. Feb. 27, 2021) (District Judge Martinotti).

7. I will address the Second Factor first. I find that the denial of a stay in this case will not create a clear case of hardship or inequity for defendants. First, their main argument that Silber is barred from pursuing this case by the entire controversy doctrine appears to be without merit.

8. Under the entire controversy doctrine:

> [New Jersey] [s]tate court decisions are given the same preclusive effect in federal court they would be given in the [New Jersey state] courts…. The entire controversy doctrine requires that a [party] assert in one action all related claims against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party.

*Aldrich Nine Assocs. v. Foot Locker Specialty, Inc.*, 306 F.App'x 723, 726 (3d Cir. 2009) (internal quotation marks and citations omitted). In addition, where the first action was filed in state court and the second action was filed in federal court:

> The entire controversy doctrine applies when (1) the judgment in the first action is valid, *final, and on the merits*; (2) there is identity of the parties, or the parties in the second action are in privity with those in the first action; and

3

> (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action.

*D'Agostino v. Appliances Buy Phone, Inc.*, 633 F.App'x 88, 91 (3d Cir. 2015) (emphasis added); *see Williams v. Litton Loan Servs.*, 788 F.App'x 819, 822 (3d Cir. 2019) (holding same), *cert. denied*, 140 S.Ct. 2647 (2020); *see also Martinez v. Bank of Am., N.A.*, 664 F.App'x 250, 253–55 (3d Cir. 2016) (holding same in barring relief sought by the mortgagor in federal court, as a final judgment had been entered in the mortgagee's favor in the related state foreclosure case).

9. When a mortgagor files an FDCPA claim in federal court after being named in a related New Jersey state foreclosure case as a defendant, a final judgment generally must be issued in the foreclosure case for the FDCPA claim to be barred by the entire controversy doctrine. *See Kajla v. U.S. Bank Nat'l Ass'n*, 806 F.App'x 101, 103, 105 (3d Cir. 2020) (finding FDCPA claim against the mortgagee in federal court was barred by the entire controversy doctrine, as a final judgment had been entered in the mortgagee's favor in the related state foreclosure case); *Sparkman v. Wells Fargo Bank Nat'l Ass'n*, No. 19-02351, 2022 WL 4445402, at *4 (D.N.J. Sept. 23, 2022) (holding same); *Rogers v. Rushmore Loan Mgmt. Servs., LLC*, No. 20-13084, 2021 WL 1921586, at *4 (D.N.J. May 13, 2021) (same); *Scafe v. Wells Fargo Home Mortg.*, No. 15-05763, 2016 WL 5334658, at *7 (D.N.J. Sept. 22, 2016) (same); *see also Ojo v. Hudson Cnty. Sav. Bank FSB*, No. 21-02840, 2022 WL 4820371, at *2 (3d Cir. Oct. 3, 2022) (finding default judgment entered in the mortgagee's favor in a state foreclosure case constituted a final judgment for the purposes of barring the mortgagor's FDCPA claim filed in federal court under the entire controversy doctrine); *Mason v. US Bank, NA*, No. 16-01366, 2016 WL 7189828, at *5 (D.N.J. Dec. 12, 2016) (holding same); *Hua v. PHH Mortg.*, No. 14-07821, 2015 WL 5722610, at *5 n.7 (D.N.J. Sept. 29, 2015) (holding where the mortgagee was awarded summary judgment in a state foreclosure case, "the use of the entire controversy doctrine, which applies to final judgments, [was] appropriate" to bar the mortgagor's FDCPA claim in federal court). This maxim holds true even when a mortgagor asserts that the notice of intention to foreclose underlying the state foreclosure case is faulty, as Silber alleges in this case. *See Lee v. Ocwen Loan Servicing, LLC*, No. 17-03800, 2018 WL 935426, at *3 (D.N.J. Feb. 15, 2018) (holding the mortgagor's FDCPA claim in federal court, which was founded upon the mortgagee's allegedly inaccurate notice of intention to foreclose, to be barred by the entire controversy doctrine because a final judgment had been entered in the mortgagee's favor in the state foreclosure case).

10. However, in the absence of a final judgment in a state foreclosure case, the entire controversy doctrine generally will not apply to a related FDCPA case filed in federal court. *See DeHart v. U.S. Bank, N.A. ND*, 811 F.Supp.2d 1038,

4

1045 (D.N.J. 2011) (holding the entire controversy doctrine was inapplicable to the FDCPA claim filed in federal court "for a … fundamental reason," *i.e.*, "there is no evidence in the record … demonstrating that final judgment has been entered in the first-filed state foreclosure action"); *see also Ponce v. Wilmington Sav. Fund Soc'y, FSB*, No. 22-04834, 2023 WL 4197179, at *6 (D.N.J. June 26, 2023) (declining to dismiss the mortgagor's claims in federal court under the entire controversy doctrine, as "[n]o final judgment has been entered in the [mortgagee's state] foreclosure action").

11. A notice of voluntary discontinuance without prejudice or a notice of voluntary dismissal without prejudice — such as the Discontinuance filed in the Foreclosure Case (ECF No. 9–6 p. 2) — is not the same as a final judgment. *See Aliperio v. Bank of Am., N.A.*, No. 16-01008, 2016 WL 7229114, at *3, *11 (D.N.J. Dec. 13, 2016) (holding that a federal case was not barred by the entire controversy doctrine, as the mortgagee voluntarily dismissed the related state foreclosure without prejudice), *aff'd*, 764 F.App'x 236 (3d Cir. 2019); N.J.Ct.R. 4:37-1 (stating such a notice results in a "dismissal [that] is without prejudice"); *cf. Indus. Corner Corp. v. Pub. Serv. Mut. Ins. Co.*, No. 20-06677, 2023 WL 1860626, at *6 (D.N.J. Feb. 8, 2023) (holding the entry of a "[voluntary] dismissal *with prejudice* constitutes an adjudication on the merits as fully and completely as if the order had been entered after trial" (internal quotation marks and citations omitted) (emphasis added)).

12. Defendants continue to argue for the application of the entire controversy doctrine, even though they filed the Discontinuance in state court on April 3, 2023 (ECF No. 9–6 p. 2), which was ten days after this case was commenced on March 24, 2023 (ECF No. 1). Defendants raised the argument: (a) more than one month later in the motion to dismiss on May 10, 2023 (ECF No. 9); (b) nearly three months later in the motion to stay discovery on June 29, 2023 (ECF No. 18); and (c) more than three months later in the Joint Letter filed on July 6, 2023 (ECF No. 20). It is unclear how defendants repeatedly ignored the absence in the Foreclosure Case of a final judgment, which — as demonstrated by the case law cited above — is generally required for the entire controversy doctrine to apply. *Cf. Eye Care Ctr. of N.J., P.A. v. Twin City Fire Ins. Co.*, No. 20-05743, 2020 WL 7227186, at *2 (D.N.J. Nov. 20, 2020) (granting a motion for a stay pending the outcome of a pending motion to dismiss, due to "a rapidly developing body of authority, including in this District, dismissing claims based on a [similar issue]").

13. Second, if Silber is overreaching with his discovery demands in violation of Federal Rule of Civil Procedure 26(b)(1), then defendants are not without a remedy in the absence of a stay. After meeting and conferring in an effort to resolve any disagreements, defendants can seek leave to move to quash

Silber's discovery demands in a joint letter filed on the docket. *See* L.Civ.R. 16.1(f)(1) (requiring counsel to confer to resolve case management disputes and to file a letter as to unresolved disputes before resorting to motion practice); L.Civ.R. 37.1(a)(1) (requiring the same as to discovery disputes); L.Civ.R. 16.1(g)(1) (requiring a case management motion to include a certification that the movant conferred with the adversary in a good faith effort to resolve the issues); L.Civ.R. 37.1(b)(1) (requiring the same as to discovery disputes); Fed.R.Civ.P. 26(c)(1) (permitting a motion for a protective order to avoid undue burden or expense); Fed.R.Civ.P. 45(d)(3)(A)(iv) (permitting a motion to quash or modify a subpoena that subjects a party to an undue burden). Therefore, I find the Second Factor weighs heavily in Silber's favor.

14. As to the First Factor, I find that Silber will be unduly prejudiced and subjected to a clear tactical disadvantage if a stay were to be imposed. As I have held above, even though I cannot predict the ultimate resolution of the pending motion to dismiss, whether defendants' motion to dismiss has merit is uncertain. *See Jackson v. Midland Funding LLC*, 468 F.App'x 123, 124–26 (3d Cir. 2012) (finding the application of the entire controversy doctrine to an FDCPA claim filed in federal court would be "illogical," as the debt collector withdrew the state debt-collection case as soon as the debtor hired counsel to represent her). In addition, "it is well settled that the mere filing of a dispositive motion does not constitute good cause for the issuance of a discovery stay." *Vanderwerff v. Quincy Bioscience Holding Co., Inc.*, No. 17-00784, 2018 WL 6243040, at *3 (D.N.J. Nov. 28, 2018) (internal quotation marks and citations omitted); *see Coyle v. Hornell Brewing Co.*, No. 08-02797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (holding same). The First Factor weighs heavily in Silber's favor.

15. As to the Third Factor, I find that a stay may not necessarily simplify the issues that will arise in this case. As I have held concerning the Second Factor, whether defendants will prevail on their main argument in the motion to dismiss is uncertain. As a result, it is difficult to fathom how matters will be simplified by awaiting the resolution of the motion to dismiss. The Third Factor favors Silber.

16. The Fourth Factor weighs in favor of defendants by default. Discovery has just begun due to the relative infancy of this case, and the setting of a trial date is not imminent.

17. Upon my review of those factors, I find that the balancing of the factors favors Silber.

Accordingly,

**IT IS** on this   **24th** day of **July 2023**   **ORDERED** that:

1. Defendants' request for a stay (ECF No. 20) is **DENIED**.

2. The parties are reminded of the discovery schedule set forth in the order entered on June 26, 2023, and of the telephone status conference scheduled for October 24, 2023 at 10:30 a.m.   (ECF No. 17.)

                                       */s/ Edward S. Kiel*
                                       **EDWARD S. KIEL**
                                       **UNITED STATES MAGISTRATE JUDGE**